UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
NADINE DAVIS,

                     Plaintiff,

      - against -

CHRISTOPHER RASO,

                     Defendant.
---------------------------------------------------------x

**MEMORANDUM & ORDER**
23-CV-382 (PKC) (LB)

PAMELA K. CHEN, United States District Judge:

*Pro se* Plaintiff Nadine Davis filed the instant action against Defendant Christopher Raso. Plaintiff's request to proceed *in forma pauperis*, filed on March 6, 2023, is granted. (*See* Dkt. 2.) For the reasons set forth below, Plaintiff's claims are dismissed for lack of subject matter jurisdiction. However, Plaintiff is granted thirty (30) days from the date of this Memorandum and Order to file an amended complaint.

## BACKGROUND

Plaintiff, a New York resident, filed this action invoking the Court's federal question jurisdiction under 42 U.S.C. Section 1983. (Dkt. 1-1, at ECF[1] 1 (answering "42USC§1983 [sic]" in response to the question "[c]ite the U.S. Civil Statute under which you are filing"); *id.* (responding "Non-Prisoner Civil Rights" in the Civil Cover Sheet for "Brief description of case").) Defendant Raso is also a New York resident. (Compl., Dkt. 1, at ECF 2.)

Plaintiff claims that "[d]uring a short-term employment of 09/15/22 to 12/07/22 with [Defendant Raso], he manipulated [her] employment with [her] supervisor . . . causing [her]

---

[1] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

1

termination[.]"² (Compl., Dkt. 1, at ECF 5.)  Specifically, on November 7, 2022, Defendant asked Plaintiff "to care for his underprivileged disabled daughter." (*Id.*)  Plaintiff asked her supervisor if she could do the work, but her supervisor denied the request.  (*Id.*)  Plaintiff alleges that "from [that] point, [Defendant] looked for a way to have [her] fired."  (*Id.*)  Defendant was ultimately successful.  (*Id.*)  Plaintiff alleges that Defendant had her "written up" for "breaking the HIPPA [sic] law" which caused her termination.  (*Id.*)

Separately, Plaintiff asserts that she, along with Defendant and Defendant's wife, wrote a song that Defendant posted on YouTube without Plaintiff's permission on November 28, 2022.  (*Id.*)  Plaintiff seeks monetary damages.  (*Id.* at ECF 6 ("I would like to be reimbursed pay and restored dignity.").)

## LEGAL STANDARD

In addressing the sufficiency of a complaint, a court "accept[s] as true all factual allegations and draw[s] from them all reasonable inferences; but [it is] not required to credit conclusory allegations or legal conclusions couched as factual allegations."  *Hamilton v. Westchester Cnty.*, 3 F.4th 86, 90–91 (2d Cir. 2021).  "It is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read Plaintiff's *pro se* Complaint liberally and interpret it as raising the strongest arguments it suggests."  *Daley v. Bratton*, 416 F. Supp. 3d 215, 218 (E.D.N.Y. 2016) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, courts "remain obligated to construe a *pro se* complaint liberally").

---

² Plaintiff does not provide any further details regarding the scope of her employment with Defendant, including whether Defendant directly employed her or what her job was.  (*See generally* Dkt. 1.)

2

"Notwithstanding the liberal pleading standard afforded *pro se* litigants, federal courts are courts of limited jurisdiction and may not preside over cases if subject matter jurisdiction is lacking." *Alaheri v. New York*, No. 19-CV-2311 (PKC) (LB), 2019 WL 1957996, at *1 (E.D.N.Y. May 2, 2019) (ultimately citing *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700–01 (2d Cir. 2000)). Federal courts must independently verify the existence of subject matter jurisdiction, "even in the absence of a challenge from any party." *Chapman v. U.S. Dep't of Just.*, 558 F. Supp. 3d 45, 48 (E.D.N.Y. 2021) (citing *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "Congress has granted district courts original jurisdiction over cases in which there is a federal question, *see* 28 U.S.C. § 1331, and certain cases between citizens of different states, so long as the requirements of complete diversity and amount in controversy are met, *see* 28 U.S.C. § 1332." *Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 213 (2d Cir. 2013). The plaintiff bears the burden of establishing subject matter jurisdiction. *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

## DISCUSSION

Plaintiff does not sufficiently allege facts to establish that the Court has either federal question or diversity jurisdiction. Thus, the Court dismisses Plaintiff's Complaint for lack of subject matter jurisdiction.

### I.     Plaintiff Fails to Properly Allege Federal Question Jurisdiction

A district court has federal question jurisdiction when a plaintiff's cause of action is based on a violation of federal law or where "the well-pleaded complaint necessarily depends on resolution of a substantial question of federal law." *Bracey v. Bd. of Educ. of City of Bridgeport*, 368 F.3d 108, 113 (2d Cir. 2004) (internal quotations omitted). Although the Complaint cites 42 U.S.C. Section 1983 as "the U.S. Civil Statute under which [Plaintiff is] filing", (Dkt. 1-1, at ECF

3

1), Plaintiff provides no facts or allegations to support such a claim. In fact, in response to the question: "[i]f you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?", Plaintiff responded "N/A." (Compl., Dkt. 1, at ECF 4.) Section 1983 only creates a cause of action and therefore a plaintiff bringing an action pursuant to Section 1983 must allege the violation of a right guaranteed by federal law, whether by the Constitution or a statute. *McGugan v. Aldana-Bernier*, 752 F.3d 224, 229 (2d Cir. 2014) ("To state a claim under § 1983, a plaintiff must allege that defendants violated plaintiff's federal rights while acting under color of state law."). Similarly, in response to the prompt "[i]f you are suing under section 1983, explain how each defendant acted under color of state or local law[,]" Plaintiff also responded "N/A". (*Id.*) "A plaintiff asserting a § 1983 violation must show that a person acting under color of state law deprived the plaintiff of a 'constitutional or federal statutory right[.]" *Washington v. Cnty. of Rockland*, 373 F.3d 310, 315 (2d Cir. 2004). Thus, "Plaintiff's allegations are insufficient to establish this Court's subject matter jurisdiction because simply referencing constitutional provisions or federal statutes is insufficient to establish subject matter jurisdiction." *Lee v. JPMorgan Chase Bank, N.A.*, No. 22-CV-6192 (PKC) (TAM), 2022 WL 14826479, at *2 (E.D.N.Y. Nov. 16, 2021) (citing *Perpetual Secs., Inc. v. Tang*, 290 F.3d 132, 137 (2d Cir. 2002) ("Simply raising a federal issue in a complaint will not automatically confer federal question jurisdiction.")).

**II.     Plaintiff Fails to Properly Allege Diversity Jurisdiction**

Similarly, Plaintiff has not alleged enough facts to support diversity jurisdiction. To invoke diversity jurisdiction, Plaintiff must establish that (1) there is complete diversity of the parties and (2) the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332; *see also Bayerische Landesbank, N.Y. Branch v. Aladdin Cap. Mgmt. LLC,* 692 F.3d 42, 48 (2d Cir. 2012). Here, Plaintiff cannot meet the requirement of complete diversity because Plaintiff and Defendant are

both residents of Brooklyn, New York.  (Compl., Dkt. 1, at ECF 2.)  Thus, Plaintiff cannot invoke this Court's diversity jurisdiction for her claims.

## CONCLUSION

In light of the Court's duty to liberally construe *pro se* complaints, Plaintiff is granted thirty (30) days' leave to file an amended complaint.  If Plaintiff elects to file an amended complaint, it must be captioned "Amended Complaint" and bear the same docket number as this Memorandum and Order: 23-CV-382 (PKC) (LB).

If Plaintiff fails to comply with this Order within the time allowed or cure the deficiencies discussed herein, the Court will direct the Clerk of Court to enter judgment and close this case. The Court certifies pursuant to 28 U.S.C. Section 1915(a)(3) that any *in forma pauperis* appeal from this order would not be taken in good faith.  *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: April 7, 2023
          Brooklyn, New York